NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTON PURISIMA,<br><br>                  Plaintiff,<br><br>v.<br><br>HOBOKEN UNIVERSITY MEDICAL<br>CENTER et al.,<br><br>                  Defendants. | Civil Action No.: 16-cv-2195<br><br>OPINION |

**CECCHI, District Judge.**

**I.    INTRODUCTION**

This matter comes before the Court on the following motions: the motions to dismiss the Complaint by Defendants HUMC Opco LLC d/b/a Hoboken University Medical Center[1] ("HUMC") and CarePoint Health System, LLC ("CarePoint") (ECF No. 13) and by Defendant Heather Kotuski, MD ("Kotuski") (ECF No. 17); pro se Plaintiff Anton Purisima's ("Plaintiff") motions for default judgment against (1) Defendant Kotuski (ECF No. 15) and (2) Defendant the People's Republic of China (the "PRC") (ECF No. 20); and Plaintiff's two motions to strike certain materials filed in support of the pending motions to dismiss (ECF Nos. 21, 27). The Court has considered the submissions made in support of and in opposition to the instant motions. The motions are decided without oral argument pursuant to Fed. R. Civ. P. 78(b).[2] For the reasons set

---

[1] Incorrectly sued herein as Hoboken University Medical Center.

[2] The Court considers any new arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1298 (3d Cir. 1991).

1

forth below, Plaintiff's motions to strike and for default judgment are DENIED, and the Court reserves ruling on the motions to dismiss pending full opposition from Plaintiff. Further, the Court <u>sua sponte</u> dismisses the PRC from this lawsuit pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. **BACKGROUND**

Plaintiff submitted a complaint on April 18, 2016, with an application to proceed <u>in forma pauperis</u>. (ECF No. 1). Plaintiff brings various federal and state law claims against Defendants based on their alleged refusal to provide him medical treatment for a dog bite. (ECF No. 1-3 at 5-6[3]). There are no factual allegations against the PRC.

The Court granted Plaintiff's <u>in forma pauperis</u> application on June 8, 2016, filed the Complaint, and provided for service of process on Defendants through the U.S. Marshals Service. (ECF No. 3). Summons issued on June 28, 2016 (ECF No. 5). At Plaintiff's direction,[4] on July 5, 2016, the Marshals served all four Defendants—HUMC, CarePoint, Kotuski, and the PRC—at 308 Willow Avenue, Hoboken, New Jersey, 07030, the address of Hoboken University Medical Center. (ECF No. 7). The summons for the PRC directed service "care of[] Hoboken University Medical Center ("HUMC")" at this address. (<u>Id.</u>). Mary Ann Snell, an administrative assistant at HUMC, accepted all four summonses. (<u>Id.</u>).

HUMC and CarePoint appeared on July 25, 2016 (ECF No. 9), and after receiving an extension of time to respond to the Complaint, timely moved to dismiss on August 9, 2016. (ECF No. 13). On August 25, 2016, Plaintiff moved to strike certain of HUMC's and CarePoint's

---

[3] In this Opinion, the Court uses the ECF pagination for Plaintiff's documents because Plaintiff's pagination is inconsistent.

[4] Plaintiffs using the U.S. Marshals' Service to serve process fill out Form USM-285 directing the Marshals to effect service at a particular address, at which the Marshals will attempt to effect service. The Marshals then file a process receipt and return on the docket. (ECF No. 7).

2

materials in support of their motion, as well as a few other docket entries. (ECF No. 21). In his motion to strike, Plaintiff also requested a 60-day extension of time to oppose HUMC's and CarePoint's motion to dismiss. (Id. at 3). More than 60 days have elapsed, and Plaintiff has not filed a formal opposition to HUMC's and CarePoint's motion, although certain of Plaintiff's subsequent letters to the Court may be intended to address some of the arguments raised in this motion. (See, e.g., ECF No. 29).

Upon Plaintiff's request, the Clerk of Court entered default against Kotuski on August 11, 2016, as she had not appeared. (ECF No. 14). The same day, Plaintiff moved for default judgment. (ECF No. 15). On August 25, 2016, Kotuski appeared, opposed the motion for default judgment, moved to vacate the entry of default, and moved to dismiss the Complaint on the same grounds as HUMC and CarePoint, plus insufficient service of process. (ECF Nos. 17-18). Plaintiff moved to strike Kotuski's motion to dismiss on the grounds that it was untimely and Kotuski was already in default. (ECF No. 27). Kotuski opposed the motion to strike. (ECF No. 28). Plaintiff has not formally opposed Kotuski's motion to dismiss, although Plaintiff possibly intended to address some of Kotuski's arguments in subsequent letters to the Court. (See, e.g., ECF No. 29).

The PRC has not appeared. Plaintiff requested entry of default against the PRC on August 11, 2016, but the Clerk did not enter default. (ECF Nos. 16, 19). Plaintiff moved for default judgment against the PRC on August 22, 2016. (ECF No. 20).

Plaintiff and counsel for HUMC, CarePoint, and Kotuski have written several letter replies and sur-replies concerning various issues raised in the motions. (ECF Nos. 23-26, 28-35).

### III. DISCUSSION

#### A. The PRC

The Court dismisses the PRC as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B). For

3

any plaintiff proceeding in forma pauperis, this section allows the Court to dismiss any claim that "fails to state a claim on which relief may be granted[.]" § 1915(e)(2)(B)(ii). Setting aside the question of whether Plaintiff properly served the PRC, the Complaint contains no factual allegations concerning the PRC's role in the alleged denial of Plaintiff's medical treatment.[5] Indeed, such involvement by the Chinese government would be implausible on these facts. See Ashcroft v. Iqbal, 556 U.S. 662 (2009). Therefore, this Defendant is dismissed.

As the PRC has been dismissed from this action, Plaintiff's motion for default judgment against the PRC (ECF No. 20) is denied as moot.

B. **Plaintiff's Motion for Default Judgment against Kotuski**

Plaintiff's motion for default judgment against Kotuski fails because Kotuski was never properly served.

"The court may set aside an entry of default for good cause[.]" Fed R. Civ. P. 55(c). A default must be set aside if it was not properly entered. See, e.g., Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 493 (3d Cir. 1993).[6] Default is not properly entered if service on the defendant at issue was improper. Id. Service on an individual is not proper under the federal rules unless it either complies with "state law for serving a summons in an action brought in courts

---

[5] The Court notes that the Complaint purports to incorporate by reference into its allegations several prior lawsuits filed in this and other Districts, as well as documents that do not appear to be attached to the Complaint. (ECF No. 1-3 at 4-5). The Court does not consider any allegations contained within these cases or documents to be well-pleaded in this Complaint if they are not described elsewhere in the Complaint. See Fed. R. Civ. P. 8(a)(2) (requiring pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

[6] When default is not entered properly, the Court need not determine "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct[,]" the usual test for good cause on a motion to vacate under Rule 55(c). Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985). Nevertheless, if the Court considered these factors, it would find there is good cause to vacate default.

of general jurisdiction in the state where the district court is located or where service is made[,]" or a copy of the summons and complaint are (A) delivered to the individual personally; (B) left at the "individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there" or (C) delivered to an agent authorized by appointment or law to receive service. Fed. R. Civ. P. 4(e). In New Jersey, service on an individual must be made:

> [B]y delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein, or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf[,]

N.J.R. 4:4-4(a)(1).[7]

Plaintiff did not effect service on Kotuski in any of these ways. Rather, he directed the Marshals to serve Kotuski at HUMC. (ECF No. 7). There is no indication Kotuski authorized HUMC to accept service for her, and in fact Kotuski certifies that she did not. (ECF No. 17-1).

Therefore, the Court vacates the entry of default against Kotuski, and Plaintiff's motion for default judgment must be denied.

### C. Plaintiff's Motions to Strike

#### 1. Motion to Strike HUMC's and CarePoint's Filings

Plaintiff's purported motion to strike actually requests several forms of relief. (ECF No. 21). Invoking Fed. R. Civ. P. 12(f)(2), Plaintiff moves to strike the following docket entries: ECF

---

[7] Rule 4:4-4(b) permits (1) service by mail upon a showing—which Plaintiff has not made—that personal service cannot be made in accordance with Rule 4:4-4(a); (2) service "as provided by law"; and (3) service "as provided by court order." N.J.R. 4:4-4(b). None of these methods is applicable here.

Nos. 11, 12, and 13-2 through 13-12.[8] (Id. at 1). Plaintiff further moves under Rule 12(e) for a more definite statement with respect to ECF Nos. 11, 12, and 13-13.[9] (Id. at 2). Plaintiff further requests that all future documents be served on him by U.S. Mail because he does not have a computer or a PACER account to access the docket. (Id. at 3). Plaintiff further requests that the Court defer the motions to dismiss until trial, citing Rule 12(i).[10] (Id.). Similarly, Plaintiff seeks "an order of interloc[u]tory summary judgment that other issues alleged in his complaint herein will be litigated during trial" as well as an order to proceed to trial. (Id. at 4, 7).

The basis for Plaintiff's motion appears to be that he has been unable to review the materials he seeks to strike. According to Plaintiff, he was not able to access them on PACER because he does not have a PACER account. (ECF No. 21-1 at 5). Plaintiff requested that counsel for Defendants e-mail him the documents, which counsel seems to have done at least once, but Plaintiff was unable to open the files. (Id. at 8).[11] Defendants' position is that all of these documents have been provided to Plaintiff. (ECF No. 23 at 2).

Federal Rule of Civil Procedure 12(f) states:

(f) Motion to Strike. The court may strike from a pleading an

---

[8] Documents 11 and 12 are HUMC's and CarePoint's corporate disclosure statements required by Rule 7.1. The documents under entry 13 are materials HUMC and CarePoint filed in support of their motion to dismiss.

[9] ECF No. 13-13 is a certificate of mailing.

[10] Plaintiff also cites Rule 12(h)(2)(C) as grounds to proceed to trial. (ECF No. 21 at 4). This rule allows a defendant to wait until trial to raise the defense of failure to state a claim upon which relief can be granted, but does not empower Plaintiff to seek any kind of relief. Fed. R. Civ. P. 12(h)(2)(C). Therefore, it is inapplicable here.

[11] The Court notes that Plaintiff filed his "Consent & Registration Form to Receive Documents Electronically" with his Complaint. (ECF No. 1-5). Upon receiving an e-mail notification that a document has been filed on the docket, an individual is allowed one "free look" at the document regardless of whether he has a PACER account, during which he may download and/or print the document. (Id.).

> insufficient defense or any redundant material, impertinent, or scandalous matter. . . .

Fed. R. Civ. P. 12(f). Thus, Plaintiff's failure to obtain copies of materials filed on the docket, regardless of the reason, is not grounds for a motion to strike. The Court sees no other reason to strike these materials.

However, mindful of Plaintiff's pro se status and in an abundance of caution, the Court will direct Defendants to serve ECF Nos. 11, 12, and 13-2 through 13-12 on Plaintiff via U.S. Mail, as well as all of Defendants' future filings on the docket.

Plaintiff's motion for a more definite statement under Rule 12(e) is denied. Rule 12(e) pertains to "pleading[s] to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Plaintiff's motion is directed at corporate disclosure statements and a certificate of mailing, none of which fall within the scope of this rule. Moreover, having reviewed these documents, the Court finds there is nothing "vague or ambiguous" about them.

Finally, Plaintiff identifies no basis in law or fact why the Court should defer ruling on the motions to dismiss until trial, and/or schedule a trial immediately, and the Court sees no reason to do so. Defendants are entitled under Rule 12(b) to challenge jurisdiction and the legal sufficiency of Plaintiff's claims before the trial stage of this litigation.

### 2. Motion to Strike Kotuski's Motion to Dismiss

Plaintiff's grounds for moving to strike Kotuski's motion to dismiss is, essentially, that Kotuski is in default and thus no longer allowed to assert defenses. (ECF No. 27). But as explained above, see supra Part III.B, Plaintiff's motion for default judgment against Kotuski is denied, and the entry of default is vacated. Accordingly, the Court will not strike Kotuski's motion to dismiss.

The Court has considered Plaintiff's other arguments in support of both motions to strike

and finds they are without merit. To the extent these motions can be construed to seek relief not discussed herein, such relief is denied as having no basis in law or fact.

### D. Defendants' Motions to Dismiss

Mindful of Plaintiff's pro se status, the Court is reluctant to act on the pending motions to dismiss without allowing Plaintiff to file formal responses. To the extent Plaintiff's prior submissions were not intended as his formal response to the motions to dismiss, the Court extends Plaintiff's time to respond to the motions in the manner set forth in the Conclusion below and the Order accompanying this Opinion, and reserves ruling on the motions pending full briefing.

## IV. CONCLUSION

For the reasons above, Plaintiff's motions to strike and for default judgment are DENIED; the entry of default against Defendant Kotuski is VACATED; the Court reserves ruling on Defendants' motions to dismiss pending full opposition from Plaintiff; and the PRC is DISMISSED from this lawsuit pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is granted forty-five (45) days from the date of this order to oppose the pending motions to dismiss. (ECF Nos. 13, 17). Plaintiff may submit one document opposing both motions, or two documents, one to oppose HUMC's and CarePoint's motion to dismiss, and the other to oppose Kotuski's motion to dismiss. Plaintiff shall include all of his arguments in these submissions, including arguments he made in other motion papers, letters, or other filings. Plaintiff may not incorporate his other filings by reference, with the exception of the Complaint. **Plaintiff's new filing or filings will supersede and replace, <u>not</u> supplement, any of Plaintiff's previous filings in opposition to Defendants' motions to dismiss.** Defendants' replies, if any, are due fourteen (14) days after Plaintiff has filed opposition.

Defendants shall serve on Plaintiff via U.S. Mail paper copies of ECF Nos. 11, 12, and 13-

2 through 13-12, and all future motion papers.

An appropriate order accompanies this Opinion.

_____
CLAIRE C. CECCHI, U.S.D.J.

Dated: May 30, 2017